FARM BENEDICT SUGIHARA
A Limited Liability Law Partnership LLP

THOMAS BENEDICT          5018-0
tbenedict@fbslawyers.com
DAWN T. SUGIHARA          7631-0
dsugihara@fbslawyers.com
Bishop Street Tower, Suite 1601
Topa Financial Center
700 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 451-3180

Attorneys for Defendant
CONTINENTAL INSURANCE COMPANY

## IN THE UNITED STATES DISTRICT COURT

## STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD., <br><br>     Plaintiff, <br><br>   vs. <br><br> CONTINENTAL INSURANCE COMPANY and CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD., <br><br>     Defendants. | CIVIL NO. _____ <br><br> DEFENDANT CONTINENTAL INSURANCE COMPANY'S **NOTICE OF REMOVAL**; EXHIBITS "A"-"D"; CERTIFICATE OF SERVICE |

## DEFENDANT CONTINENTAL INSURANCE
## COMPANY'S NOTICE OF REMOVAL

Defendant CONTINENTAL INSURANCE COMPANY

("Continental"), by and through its attorneys, Farm Benedict Sugihara A Limited

Liability Law Partnership LLP, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446

and Rule 11 and 81(c) of the Federal Rules of Civil Procedure, hereby gives notice

of the removal of Civil No. 1CCV-23-0000427 from the Circuit Court of the First

Circuit, State of Hawaii to the United States District Court for the District of

Hawaii. Removal is based on 28 U.S.C. §§ 1332(a) and 1441 and the procedural

requirements for removal have been satisfied. As grounds for removal, Continental

states as follows:

## I.        THE REMOVED ACTION

1.        On or about March 30, 2023, Plaintiff FIRST INSURANCE

COMPANY OF HAWAII, LTD. ("FICOH"), commenced an action against

Continental in the Circuit Court of the First Circuit, State of Hawaii, identified as

Civil No. 1CCV-23-0000427 (the "State Court Action"), and fraudulently joined

Defendant CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD. ("the

Agency") in its Complaint. In accordance with 28 U.S.C. § 1446(a), a true-and-

correct copy of the Complaint, Summons and all other substantive filings are

attached hereto as Exhibit A**.**

2

2.　　FICOH's Complaint seeks a declaration, under Hawaii Revised Statutes (HRS) § 631-1, that FICOH owes no obligation to Continental or the Agency arising out of FICOH's reinsurance of an insurance policy.

3.　　To Continental's knowledge, no other papers or orders have been filed other than those attached in Exhibit A. Furthermore, no proceedings have been held in the State Court Action, and no defendant has filed a responsive pleading in this case.

4.　　This Notice of Removal is being filed within thirty (30) days after the simultaneous service of the Complaint and Summons upon Continental, and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

5.　　The United States District Court for the District of Hawaii encompasses the county in which the State Court Action is now pending, and therefore this Court is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

## II.　　DIVERSITY JURISDICTION

6.　　FICOH is a corporation organized under the laws of the State of Hawaii, with its principal place of business at 1100 Ward Avenue, Honolulu, Hawaii 96814. The Complaint filed in the State Court Action states that FICOH was at all times pertinent herein a resident of the City and County of Honolulu, State of Hawaii. (*See* Ex. A, Complaint ¶ 3.)

4854-3983-8816.2

7.     Continental is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 151 N. Franklin Street, Chicago, IL 60606. (*See* Ex. A, Complaint ¶ 4.)

8.     The Agency is a corporation organized under the laws of the State of Hawaii, with its principal place of business at 1723 Kalakaua Ave., Apt. 1501, Honolulu, Hawaii 96826. (*See* Ex. A, Complaint ¶ 5.)

9.     While the Agency and FICOH are both citizens of Hawaii, as discussed in Part III, *infra*, the Agency's citizenship should be disregarded for determining whether diversity jurisdiction exists because FICOH fraudulently joined the Agency as a defendant in an attempt to defeat federal jurisdiction.

10.    The amount in controversy in the dispute between FICOH and Continental exceeds $75,000.00, exclusive of interest and costs.  (*See* Ex. A, Complaint ¶ 1.)

11.    Because this action involves diverse parties and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## III.    THE AGENCY WAS FRAUDULENTLY JOINED TO THIS ACTION AND ITS CITZENSHIP CAN THEREFORE BE DISREGARDED

12.    If the Agency were properly joined as a defendant in this case, the Agency's presence would destroy this Court's diversity jurisdiction. However,

the citizenship of "fraudulently joined" defendants is disregarded for purposes of evaluating this Court's jurisdiction. *See, e.g.*, *GranCare, LLC v. Thrower*, 889 F. 3d 543, 548 (9th Cir. 2018). "Fraudulent joinder" is a term of art, as relevant here, applicable where the plaintiff has an "inability to establish a cause of action against the non-diverse party in state court." *Id.* Here, the fraudulent joinder of the Agency is apparent from the face of the Complaint. But additional facts, which this Court may consider in its fraudulent-joinder analysis, reinforce that the Agency was fraudulently joined. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318 (9th Cir. 1998) ("the defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent").

13.    FICOH's sole cause of action against the Agency seeks declaratory relief through HRS § 631-1. That statute permits courts to grant declaratory relief where an "actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation" or where the party seeking a declaration asserts a "concrete interest" that was "challenge[d] or deni[ed] . . . by an adversary who also has or asserts a concrete interest therein." *Id.*

14.     The State Court Action concerns a reinsurance agreement entered into between Continental and FICOH, which Continental asserts exists and FICOH denies. (Ex. A, Complaint ¶¶ 10, 16.)

15.     Glens Falls Insurance Company ("Glens Falls") was a former Continental subsidiary, which has since been merged into Continental. Glens Falls issued an insurance policy, effective June 1, 1979 to June 1, 1982, to the Roman Catholic Church in the State of Hawaii (the "Glens Falls Policy"). (Ex. A, Complaint ¶ 6.) Continental asserts that FICOH agreed to reinsure 100% of the risk under the Glens Falls Policy and has sought reimbursement from FICOH for the sums it has paid, while FICOH denies this reinsurance contract exists. (Ex. A, Complaint ¶ 16.)

16.     FICOH's Complaint does not allege that the Agency was a party to the reinsurance contract. The Agency is referenced in only a few paragraphs of FICOH's Complaint. FICOH first alleges the Agency, since 1979, "has been an appointed agent of Continental Casualty Company, which is a sister entity of Continental under the umbrella of the CNA Financial Group." (Ex. A, Complaint ¶ 5.) FICOH also alleges that "Continental does not appear to be registered to do business in Hawaii, and on information and belief, Continental Insurance Agency of Hawaii services the Glens Falls Policy." (Ex. A, Complaint ¶ 9.) Lastly, FICOH references the Agency and implies it is a Continental affiliate in

6

its request for a declaration that it does not "owe Continental, [the Agency], or any of their subsidiaries" under the reinsurance contracts Continental claims exist. (Ex. A, Complaint ¶ 20.)

17.    On its face, FICOH's Complaint presents no controversy or dispute between FICOH and the Agency. FICOH does not allege that the Agency was a party to any reinsurance agreement or the Glens Falls Policy. Given that the Agency is not a party to the claimed reinsurance agreement and no party asserts the Agency has any rights under any agreements between the parties, there is no controversy between FICOH and the Agency. Put differently, there is no legally viable route for FICOH to establish it is entitled to a declaratory judgment against the Agency. *See Queen Emma Foundation v. Tatibouet*, 236 P.3d 1236 (Haw. Ct. App. 2010) (finding merits appeal of declaratory-judgment action moot where action turned on interpretation of a contract and defendant transferred all interest in contract while appeal was pending because there no longer existed a "present adverse interest" between the parties).

18.    Additional indisputable facts, which this Court may properly consider in evaluating fraudulent joinder, reinforce the Agency's complete lack of involvement in the dispute between FICOH and Continental. FICOH's first allegation regarding the Agency in ¶ 5 is true—since 1979, the Agency has been an appointed agent for Continental Casualty Company (not Continental Insurance

Company, the defendant in this case). (Ex. B, Ottey Decl. ¶ 6.) However, in 1979, Continental Casualty Company and Continental Insurance Company, were unaffiliated entities and remained unaffiliated until a 1995 merger. (Ex. C, Lehman Decl. ¶ 2.) According to Continental's records, the Agency has *never* been an appointed agent for Continental or its former subsidiary Glens Falls. (Ex. B, Ottey Decl. ¶ 7.) Therefore, the Agency would not have had any involvement with the Glens Falls Policy or the claimed agreement between FICOH and Continental for FICOH to reinsure the Glens Falls Policy.

19.     In ¶ 9 of the Complaint, FICOH first states that "Continental does not appear to be registered to do business in Hawaii." Continental has, however, been an authorized insurer in Hawaii since 1977. (Ex. C, Lehman Decl. at ¶ 9.) Moreover, Glens Falls, the company that issued the Glens Falls Policy, was likewise authorized to do business in Hawaii starting in 1977. (Ex. C, Lehman Decl. at ¶ 10.)

20.     FICOH next states in ¶ 9 that, "on information and belief, Continental Insurance Agency of Hawaii services the Glens Falls Policy" that Continental argues FICOH reinsured. In fact, Continental handles the claims arising under the Glens Falls Policy, and the Agency "has no connection whatsoever" to the Glens Falls Policy or any involvement in the handling of claims thereunder. (Ex. D, Wilson Decl. ¶¶ 9–10.)

21.     Lastly, in its count for declaratory relief, FICOH seeks a declaration that FICOH owes no obligations to "Continental, [the Agency], or any of their subsidiaries" under the reinsurance agreement between Continental and FICOH. (Ex. A, Complaint ¶ 20.) This allegation implies the Agency is a subsidiary or affiliate of Continental. In fact, the Agency is not, and has never been, a subsidiary or an affiliate in the CNA group of companies or the Continental group of companies. (Ex. C, Lehman Decl. ¶ 12.)

22.     These additional facts establish that the Agency is a complete stranger to the Glens Falls Policy and, more importantly, to the related reinsurance agreement between FICOH and Continental under which this dispute arises. Courts in the Ninth Circuit have readily found fraudulent joinder in such circumstances. *E.g.*, *United Comp. Sys. v. AT&T Corp.*, 298 F. 3d 756 (9th Cir. 2002) (finding fraudulent joinder of defendant who was "not a party to any relevant contract on which plaintiff could predicate a claim against her"); *Geragos & Geragos, APC v. Travelers Indem. Co.*, 2020 WL 4673459, at *3 (C.D. Cal. Aug. 12, 2020 ("the Ninth Circuit has held that in actions based on contract, a plaintiff fraudulently joins a defendant where, as here, that defendant's rights and responsibilities cannot be altered by a ruling on the contract at issue"); *BSD, Inc. v. Equilon Enters., LLC*, 2011 WL 1295984, at *5 (N.D. Cal. Apr. 1, 2011) ("no actual controversy exists between Plaintiffs and [fraudulently joined defendant]" because "Plaintiffs have

alleged no contractual relationship with [that defendant] concerning" the subject of the lawsuit).

23.     Because FICOH cannot obtain a declaratory judgment against the Agency, an entity that is not a party to the reinsurance contract nor an entity that is in any way related to Continental or Glen Falls, the Agency has been fraudulently joined and its citizenship should be disregarded with respect to the determination of diversity between the parties.

24.     The Agency's consent is not required for removal because it has been fraudulently joined. *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties").

25.     This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Continental prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaii to the United States District Court for the District of Hawaii.

DATED: Honolulu, Hawaiʻi, April 28, 2023.

/s/ Thomas Benedict
_____
THOMAS BENEDICT
DAWN T. SUGIHARA

Attorneys for Defendant
CONTINENTAL INSURANCE
COMPANY

11

# EXHIBIT A

Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA

WESLEY H. H. CHING          2896-0
SHEREE KON-HERRERA          6927-0
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300
Facsimile:   (808) 531-7585
whc@fmhc-law.com; skh@fmhc-law.com

AMOS FRIEDLAND          *Pending Pro Hac Vice Admittance*
JORDANA HAVIV            *Pending Pro Hac Vice Admittance*
RICHARD CIPOLLA         *Pending Pro Hac Vice Admittance*
Freedman Normand Friedland LLP
99 Park Avenue, 19th Floor
New York, NY  10016

Attorneys for Plaintiff
FIRST INSURANCE COMPANY OF HAWAII, LTD.

Electronically Filed
FIRST CIRCUIT
1CCV-23-0000427
30-MAR-2023
02:00 PM
Dkt. 1 CMPS

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD.,<br><br>               Plaintiff,<br><br>   v.<br><br>CONTINENTAL INSURANCE COMPANY and CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD.,<br><br>               Defendants. | CIVIL NO. _____<br>(Breach of Contract/Declaratory Action)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, First Insurance Company of Hawaii, Ltd. ("FICOH"), by and through its

undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to Hawaii Revised Statutes (HRS) § 632-1, as this action seeks a declaratory judgment under the laws of the State of Hawaii, and the amount in controversy exceeds $3.5 million.

2.      Venue is proper in this Court pursuant to HRS § 603-36, as the Defendants reside in the First Circuit, and the cause of action arose in this Circuit.

## PARTIES

3.      FICOH is a corporation organized under the laws of the State of Hawaii, with its principal place of business at 1100 Ward Avenue, Honolulu, Hawaii 96814, United States.

4.      Defendant Continental Insurance Company ("Continental") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 151 N Franklin Street, Chicago, Illinois 60606, United States.

5.      Defendant Continental Insurance Agency of Hawaii, Ltd. ("Continental Hawaii") is a corporation organized under the laws of the State of Hawaii, with its principal place of business at 1723 Kalakaua Ave, Apt. 1501, Honolulu, Hawaii 96826, United States. Since 1979, Continental Hawaii has been an appointed agent of Continental Casualty Company, which is a sister entity of Continental under the umbrella of the CNA Financial Group.

## FACTS

6.      Glens Falls Insurance Company issued Policy No. L 1294808 to the Roman Catholic Church in the State of Hawaii (the "Glens Falls Policy"), covering the period of June 1, 1979 to June 1, 1982.

7.      Continental became the successor in interest to the Glens Falls Policy.

8.     Insureds under the Glens Falls Policy have been seeking defense and indemnity for several substantial sexual-abuse claims made possible by passage of a statute-of-limitations reviver statute.

9.     Continental does not appear to be registered to do business in Hawaii, and on information and belief, Continental Insurance Agency of Hawaii services the Glens Falls Policy.

10.     Continental asserts that FICOH is responsible for those claims as a reinsurer.

11.     As a result of that assertion, Continental is withholding payment it owes FICOH. In fact, Continental is withholding *more* from FICOH than the value of the claims currently pending under the Glens Falls Policy.

12.     Continental concedes, however, that it cannot locate a written reinsurance between the two parties memorializing this agreement.

13.     FICOH cannot locate a written reinsurance agreement either.

14.     For example, this alleged reinsurance agreement is not listed in the disclosure schedule of reinsurance treaties attached to a 1988 stock purchase agreement whereby Tokio Marine and Fire Insurance Company, Ltd. ("Tokio Marine") acquired 40% of FICOH. Notably, Tokio Marine was effectively acquiring these shares *from* Continental, as Continental previously owned and controlled FICOH.[1] Continental would have ensured that FICOH listed a reinsurance contract that benefitted Continental in that disclosure.

15.     Similarly, historically Continental's financials did not reflect this alleged reinsurance agreement between FICOH and Glens Falls.

---

[1] Tokio Marine now wholly owns FICOH.

16.     FICOH has been directly and adversely affected by Continental's claims that FICOH is responsible for defense and indemnity as a reinsurer under the Glens Falls Policy, despite the absence of any written agreement for such responsibility.

## COUNT I - DECLARATORY JUDGMENT

17.     FICOH incorporates by reference the allegations contained in paragraphs 1 through 16.

18.     An actual and justiciable controversy exists between FICOH, Continental, and Continental Hawaii regarding whether FICOH is obligated to reinsure the Glens Falls Policy.

19.     There is a legal uncertainty as to the parties' obligations under the Glens Falls Policy because no contract exists, but Continental asserts FICOH is obligated to reinsure the policy based on historical practice.

20.     FICOH requests a declaratory judgment, pursuant to HRS § 632-1, that it is not obligated to reinsure the Glens Falls Policy, has no liability for any claims arising under the Glens Falls Policy, and does not owe Continental, Continental Hawaii, or any of their subsidiaries under the Glens Falls Policy.

## PRAYER FOR RELIEF

21.     WHEREFORE, FICOH respectfully requests the following relief:

A.     A declaratory judgment that FICOH is not obligated to reinsure the Glens Falls Policy;

B.     A declaratory judgment that FICOH has no liability for any claims arising under the Glens Falls Policy;

C.     A declaratory judgment that FICOH does not owe Continental, Continental Hawaii, or any affiliated entity under the Glens Falls Policy;

D.    An award of costs and reasonable attorneys' fees incurred in this action;

and

E.    Any other relief that the Court deems just and proper.

DATED:  Honolulu, Hawaii, __March 30, 2023_____

_____/s/ Wesley H. H. Ching_____
WESLEY H. H. CHING
SHEREE KON-HERRERA
AMOS FRIEDLAND *Pending pro hac vice admittance*
JORDANA HAVIV *Pending pro hac vice admittance*
RICHARD CIPOLLA *Pending pro hac vice admittance*
Attorneys for Plaintiff
FIRST INSURANCE COMPANY OF HAWAII, LTD.

| **STATE OF HAWAIʻI**<br>**CIRCUIT COURT OF THE**<br>**FIRST CIRCUIT** | **SUMMONS**<br>TO ANSWER  CIVIL COMPLAINT / |
|---|---|

**CASE NUMBER**

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

WESLEY H. H. CHING          2896
SHEREE KON-HERRERA      6927
Fukunaga Matayoshi Ching & Kon-Herrera, LLP
841 Bishop Street, Suite 1200
Honolulu, Hawaii  96813
Email: whc@fmhc-law.com; skh@fmhc-law.com    Phone: 808-533-4300

| **PLAINTIFF**                                    VS. | **DEFENDANT(S)** |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD. | CONTINENNTAL INSURANCE COMPANY and<br>CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD. |

**TO THE ABOVE-NAMED DEFENDANT(S)**

      You are hereby summoned and required to filed with the court and serve upon:

   Wesley H. H. Ching, Esq. and Sheree Kon-Herrera, Esq.
   841 Bishop Street, Suite 1200
   Honolulu, Hawaii  96813

_____,

plaintiff, as indicated above/whose address is stated above, an Answer to the Complaint /
COMPLAINT FOR DECLARATORY JUDGMENT          , which is herewith served upon you, within 20 days after service
of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.

     **THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON
PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED
COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

     **A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRYOF DEFAULT AND DEFAULT
JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the<br>Judiciary's electronic case management<br>system which is accessible via eCourt Kokua<br>at: http:/www.courts.state.hi.us | **Effective Date of 1-DEC-2021**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawaiʻi**  |
|---|---|

 If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the
ADA Coordinator of the XX Circuit as soon as possible to allow the court time to provide an accommodation.
Phone No. 808-539-4400, TTY 808-539-4853, FAX 808-539-4402 or Send a e-mail to:  adarequest@courts.hawaii.gov.
The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

**Electronically Filed
FIRST CIRCUIT
1CCV-23-0000427
30-MAR-2023
02:00 PM
Dkt. 3 PYD**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAI`I

| | |
|---|---|
| First Ins Co of HI vs Continental Ins Co et al. | CASE NO. 1CCV-23-0000427 <br><br> PAYMENT DUE TO COURT |

## PAYMENT DUE TO COURT

Ching, Wesley H.H. owes the following fees:

 $315.00   Complaint/Summons

The total amount due is $315.00. Make your payment to Circuit Court of the First Circuit, Attn: Cashier, 777 Punchbowl Street, Honolulu, HI, 96813 with this notice within ten (10) days of this notice.

If you do not pay the total amount due, your complaint will be dismissed or your document stricken.

> You may file a request that the court waive the filing fees. If the court does not grant your request, you must pay the filing fees.

Dated: March 30, 2023

/s/ Lori Ann Okita
Clerk of the Court

**FIRST CIRCUIT**
**STATE OF HAWAIʻI**
**RECEIPT**

<span style="color:red">**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-23-0000427**
**30-MAR-2023**
**02:02 PM**
**Dkt. 5 PY**</span>

Case No:1CCV-23-0000427

**RECEIPT NO:201249**

RECEIVED FROM: Ching, Wesley H.H.

**30-MAR-2023**
**2:02 PM**

THE SUM OF: $315.00

DESCRIPTION: Payment by Credit Card

1. Complaint/Summons

      ADMN- ADMIN_FEE                         $50.00
      CIND- INDIGENT_SURCHARGE       $65.00
      V002- Complaint/Summons         $200.00

**TOTAL**                                      **$315.00**

 /s/Court Document Clerk

Form 2-A.     CIVIL INFORMATION SHEET

| STATE OF HAWAIʻI<br>CIRCUIT COURT OF THE<br>FIRST _____ CIRCUIT | CIVIL INFORMATION SHEET | Electronically Filed<br>FIRST CIRCUIT<br>1CCV-23-0000427<br>30-MAR-2023<br>02:12 PM<br>Dkt. 6 CIS |
|---|---|---|

**I (A). PLAINTIFF(S)**

FIRST INSURANCE COMPANY OF HAWAII LTD.

☐ Additional page(s) attached

**I (B). DEFENDANT(S)**

CONTINENTAL INSURANCE COMPANY and CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD.

☐ Additional page(s) attached

| II.(A). PLAINTIFF'S(S') ATTORNEY (NAME/NUMBER) | II.(B). DEFENDANT'S (S') ATTORNEY (NAME/NUMBER) |
|---|---|
| Wesley H. H. Ching  2896<br>Sheree Kon-Herrera 6927<br>Fukunaga Matayoshi Ching & Kon-Herrera, LLP<br>841 Bishop St., Suite 1200, Honolulu, HI 96813<br>☐ Additional page(s) attached   Phone: 808-533-4300 | ☐ Additional page(s) attached |

**III.   NATURE OF SUIT**

☐ Contract
☐ Motor Vehicle Tort
☐ Assault & Battery
☐ Construction Defects
☐ Medical Malpractice
☐ Legal Malpractice
☐ Product Liability
☐ Other Non-Vehicle Tort
☐ Condemnation
☐ Foreclosure
☐ Agreement of Sale Foreclosure
☐ Agency Appeal
☑ Declaratory Judgment
☐ Other Civil Action
☐ Environmental Court
☐ Asbestos
☐ Consumer Debt Collection
☐ Quiet Title

**IV. ORIGIN**

☑ (A). Original Proceeding
☐ (B). Transfer from District Court CIV. NO. _____
☐ (C). Transfer from another Circuit CIV. NO. _____

**V. DEMAND**

_____

| VI.   JURY DEMAND | VII.  CLASS ACTION | VIII.  REQUEST TO EXEMPT FROM ARBITRATION |
|---|---|---|
| ☐ YES<br>☑ NO | ☐ YES<br>☑ NO | ☑ YES<br>☐ NO |

**IX. RELATED CASE(S)**

JUDGE _____

CIVIL NUMBER _____

_____

| DATE<br>March 30, 2023 | ATTORNEY NAME/PARTY NAME<br>Attorney for Plaintiff | SIGNATURE<br>/s/ Wesley H. H. Ching |
|---|---|---|

RESERVED FOR COURT USE

CIVIL NO.

In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU-Phone No. 808-539-4400, TTY 808-539-4853, FAX, 539-4402; MAUI-Phone No. 808-244-2929, FAX 808-244-2777; HAWAII-Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411; KAUAI-Phone No. 808-482-2365, TTY 808-482-2533, FAX 808-482-2509, at least ten (10) working days prior to your hearing or appointment date.

*(Rev. 08/__/21)*

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>__FIRST__ CIRCUIT | RETURN AND ACKNOWLEDGMENT<br>OF SERVICE | **Electronically Filed<br>FIRST CIRCUIT<br>1CCV-23-0000427<br>04-APR-2023<br>08:49 AM<br>Dkt. 10 RAS** |
|---|---|---|

CASE NUMBER

## Civil No. 1CCV-23-0000427

CASE NAME

## First Insurance Company of Hawaii, Ltd. (Plaintiff)
## vs.
## Continental Insurance Company and Continental Insurance Agency of Hawaii, Ltd. (Defendants)

DOCUMENTS SERVED: _____

COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS  [Filed 03/23/2023, Dkt #01]

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on _Continental Insurance Company_
_____
(name of party)
on____3-31-23____ at ____12:05 pm____ at _____
(date)                                (time)
_335 Merchant St. #213_ _____ within the State of Hawai'i as follows:
(address)

☐ PERSONAL:  By delivering to and leaving with _____, personally.

☐ SUBSTITUTE:  [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

☐ SUBSTITUTE:  [HRCP 4(d) (1) (B)] I served above-named defendant through _____, authorized agent to receive service of process for said defendant.

☒ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On _Insurance Commissioner Insurance Division_
(name of business/corp/entity)
_DCCA_ _____by serving through _Claire Taise-Chee_
(name of person served)
_____, who is the _office asst_ _____and authorized agent
(position/title)
of said Business/Corporation/Governmental Entity.

☐ GARNISHMENT:  I served _____ through _____
(name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
(name of person served)

☐ NOT FOUND:  After due and diligent search and inquiry, I am unable to find _____.
(name of party)

| **STATE OF HAWAI'I**<br>CIRCUIT COURT OF THE<br>**FIRST** CIRCUIT | **RETURN AND ACKNOWLEDGMENT OF SERVICE**<br>(Page 2) |
|---|---|

CASE NUMBER

# Civil No. 1CCV-23-0000427

CASE NAME

**First Insurance Company of Hawaii, Ltd. (Plaintiff)**
   **vs.**
**Continental Insurance Company and Continental**
**Insurance Agency of Hawaii, Ltd. (Defendants)**

Attorney (Name, I.D. No., Address, Phone)
Wesley H.H. Ching      2896-0
Sheree Kon-Herrera     6927-0
841 Bishop Street, Suite 1200
Honolulu, Hawaii  96813          Phone: 808-533-4300

| Date:<br>3-31-23 | Sheriff/Police Officer (type or print)<br>**Lowen Young** | Signature |
|---|---|---|

| SUBSCRIBED AND SWORN<br>TO BEFORE ME THIS DATE:<br><br>IN _____ , HAWAI'I | NOTARY PUBLIC'S SIGNATURE:<br><br>STATE OF HAWAI'I | MY COMMISSION EXPIRES: |
|---|---|---|

## ACKNOWLEDGMENT OF SERVICE

_____   3/31/23      12:05
(signature of person served)         (date)       (time)

CLAIRE  TAISE-CHEE, OFFICE ASSISTANT  accepted w/prior
                                       authority to accept.

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | RETURN AND ACKNOWLEDGMENT<br>OF SERVICE | **Electronically Filed<br>FIRST CIRCUIT<br>1CCV-23-0000427<br>04-APR-2023<br>08:52 AM<br>Dkt. 12 RAS** |
|---|---|---|

CASE NUMBER

## Civil No. 1CCV-23-0000427

CASE NAME

## First Insurance Company of Hawaii, Ltd. (Plaintiff)
## vs.
## Continental Insurance Company and Continental
## Insurance Agency of Hawaii, Ltd. (Defendants)

DOCUMENTS SERVED: _____

COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS  [Filed 03/23/2023, Dkt #01]

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on _Continental Insurance Agency of Hawaii, Ltd_
                                                                          (name of party)
on ___3-31-23___ at ___11:25 Am___ at _____
        (date)                    (time)
_1723  Kalakaua Ave_ _____ within the State of Hawai'i as follows:
        (address)

❑ PERSONAL:  By delivering to and leaving with _____, personally.

❑ SUBSTITUTE:  [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

☒ SUBSTITUTE:  [HRCP 4(d) (1) (B)] I served above-named defendant through _Ernest T._ ____,
   authorized agent to receive service of process for said defendant. _Uyetake_

❑ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On _____
                                                        (name of business/corp/entity)
_____by serving through _____,
                                              (name of person served)
_____, who is the _____ and authorized agent
                                        (postition/title)
of said Business/Corporation/Governmental Entity.

❑ GARNISHMENT:  I served _____ through _____
                                (name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
        (name of person served)

❑ NOT FOUND:  After due and diligent search and inquiry, I am unable to find _____.
                                                                          (name of party)

| **STATE OF HAWAI'I**<br>CIRCUIT COURT OF THE<br>_FIRST_____ CIRCUIT | **RETURN AND ACKNOWLEDGMENT OF SERVICE**<br>(Page 2) |
|---|---|

CASE NUMBER

**Civil No. 1CCV-23-0000427**

CASE NAME

**First Insurance Company of Hawaii, Ltd. (Plaintiff)**
    **vs.**
**Continental Insurance Company and Continental**
**Insurance Agency of Hawaii, Ltd. (Defendants)**

Attorney (Name, I.D. No., Address, Phone)
Wesley H.H. Ching      2896-0
Sheree Kon-Herrera     6927-0
841 Bishop Street, Suite 1200
Honolulu, Hawaii  96813        Phone: 808-533-4300

| Date:<br>3-31-23 | Sheriff/Police Officer (type or print)<br>**Lowen Young** | Signature |
|---|---|---|

| SUBSCRIBED AND SWORN<br>TO BEFORE ME THIS DATE:<br><br>IN _____ , HAWAI'I | NOTARY PUBLIC'S SIGNATURE:<br><br><br>STATE OF HAWAI'I | MY COMMISSION EXPIRES: |
|---|---|---|

## ACKNOWLEDGMENT OF SERVICE

Declined to Sign      3-31-23     11:25
(signature of person served)       (date)      (time)   Am

Ernest T. Uyetake

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Hawaii

First Insurance Company of Hawaii, Ltd., )
                                         )
              Plaintiff,                 )
                                         )
       vs.                               )
                                         )
The Continental Insurance Company and    )
Continental Insurance Agency of Hawaii, Ltd., )
                                         )
              Defendants.                )
_____)

### DECLARATION OF GEORGIANA OTTEY

Pursuant to 28 U.S.C. § 1746, I, Georgiana Ottey declare as follows:

1.      I am a Services / Operations Director for Continental Casualty Company, which is part of the CNA group of companies.

2.      By virtue of an inter-company agreement, I and other Continental Casualty Company employees are authorized to perform various services on behalf of other CNA underwriting companies ("CNA"), including Continental Insurance Company as successor to Glens Falls Insurance Company.

3.      I am a part of our Agency Maintenance Team, whose responsibilities include maintaining the records of and managing the appointments for the independent insurance agencies that do business with CNA's underwriting companies. I have personal knowledge of and responsibility for these records.

4.      I have read the complaint filed by First Insurance Company of Hawaii, Ltd. ("FICOH") in the Circuit Court of the First Circuit in Hawaii bearing the case caption "First Insurance Company of Hawaii, Ltd. v. Continental Insurance Company and Continental

Insurance Agency of Hawaii, Ltd." ("the Complaint").

5.      The Complaint contains allegations pertaining to Continental Insurance Agency of Hawaii, Ltd., and specifically alleges that this agency has, "[s]ince 1979, … been an appointed agent of Continental Casualty Company, which is a sister entity of Continental under the umbrella of the CNA Financial Group."

6.      In 1979, Continental Insurance Agency of Hawaii, Ltd., was appointed as an agent for Continental Casualty Company.

7.      CNA's records do not reflect Continental Insurance Agency of Hawaii as ever having been an appointed agent for Continental Insurance Company or Glens Falls Insurance Company.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 27th day of April 2023.

/s/ Georgiana Ottey
Georgiana Ottey

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

First Insurance Company of Hawaii, Ltd.,  )
                                          )
                Plaintiff,                )
                                          )
        vs.                               )
                                          )
The Continental Insurance Company and     )
Continental Insurance Agency of Hawaii, Ltd.,  )
                                          )
                Defendants.               )
_____  )

## DECLARATION OF DAVID LEHMAN

Pursuant to 28 U.S.C. § 1746, I, David Lehman declare as follows:

1.      I am an Assistant Vice President and Assistant Secretary for Continental Casualty Company.

2.      The Continental Insurance Company and Continental Casualty Company were separate, non-affiliated entities until a merger in 1995.  Since 1995, both The Continental Insurance Company and Continental Casualty Company are indirect subsidiaries of CNA Financial Corporation.

3.      By virtue of an inter-company agreement, I and other Continental Casualty Company employees are authorized to perform various services on behalf of other CNA underwriting companies ("CNA"), including The Continental Insurance Company as successor to The Glens Falls Insurance Company.

4.      I have reviewed the complaint filed by First Insurance Company of Hawaii, Ltd. ("FICOH") in the Circuit Court of the First Circuit in Hawaii bearing the case caption "First Insurance Company of Hawaii, Ltd. v. The Continental Insurance Company and Continental

Insurance Agency of Hawaii, Ltd." ("the Complaint").

5.      The Complaint discusses Policy No. 1294808, issued by The Glens Falls Insurance Company to the Roman Catholic Church in the State of Hawaii, covering the period of June 1, 1979 to June 1, 1982 ("the Policy").

6.      The Continental Insurance Company is the successor in interest to The Glens Falls Insurance Company.

7.      The Complaint contains an allegation that "Continental [Insurance Company] does not appear to be registered to do business in Hawaii."

8.      This allegation is incorrect.

9.      The Continental Insurance Company is currently authorized to do business in the State of Hawaii and has been since December 31, 1977. Exhibit 1 to this Declaration is a true-and-correct copy of Continental's Certificate of Authorization from the State of Hawaii.

10.     From December 31, 1977, until it was merged into The Continental Insurance Company, The Glens Falls Insurance Company was also authorized to do business in the State of Hawaii. Exhibit 2 to this Declaration is a true-and-correct copy of Glens Falls' Certificate of Authorization from the State of Hawaii.

11.     The Complaint contains allegations concerning an agency called Continental Insurance Agency of Hawaii, Ltd.

12.     Continental Insurance Agency of Hawaii, Ltd. is not part of the CNA group of companies and has never been an affiliate or subsidiary of either the Continental or CNA groups of companies.

13.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 27th day of April 2023.

/s/ _David B. Lehman_____

David Lehman

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

First Insurance Company of Hawaii, Ltd.,    )
                                                   )
                 Plaintiff,    )
                                                   )
      vs.    )
                                                   )
The Continental Insurance Company and    )
Continental Insurance Agency of Hawaii, Ltd.,    )
                                                   )
                Defendants.    )
_____    )

## DECLARATION OF LISA WILSON

Pursuant to 28 U.S.C. § 1746, I, Lisa Wilson declare as follows:

1.     I am a Vice President in Complex Commercial Claims for Continental Casualty Company, which is part of the CNA group of companies.

2.     By virtue of an inter-company agreement, I and other Continental Casualty Company employees are authorized to perform various services, such as claim handling, on behalf of other CNA underwriting companies, including Continental Insurance Company as successor to Glens Falls Insurance Company.

3.     I have reviewed the complaint filed by First Insurance Company of Hawaii, Ltd. ("FICOH") in the Circuit Court of the First Circuit in Hawaii bearing the case caption "First Insurance Company of Hawaii, Ltd. v. Continental Insurance Company and Continental Insurance Agency of Hawaii, Ltd." ("the Complaint").

4.     The Complaint discusses Policy No. 1294808, issued by Glens Falls Insurance Company to the Roman Catholic Church in the State of Hawaii, covering the period of June 1, 1979 to June 1, 1982 ("the Policy").

5.      Continental Insurance Company is the successor in interest to Glens Falls Insurance Company.

6.      I am knowledgeable regarding the Policy because I and my team handle the claims submitted to Continental Insurance Company under the Policy. Such claims include recent sexual-abuse claims made possible by the passage of a statute-of-limitations reviver statute in Hawaii.

7.      The Complaint contains an allegation that, "on information and belief, Continental Insurance Agency of Hawaii services the Glens Falls Policy."

8.      This allegation is incorrect.

9.      Continental Insurance Agency of Hawaii does not service the Policy or have any connection whatsoever to it.

10.     Prior to reviewing the Complaint, I had not heard of Continental Insurance Agency of Hawaii, which I would have if it had any claim-handling responsibility for the Policy.

11.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 26th day of April 2023.

/s/ _Lisa Wilson_

Lisa Wilson

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and is available for viewing from the Court's ECF system.  Notice of this filing will be sent to all counsel of record via the Court's ECF system.

DATED:  Honolulu, Hawai'i, April 28, 2023.


/s/ Thomas Benedict
THOMAS BENEDICT
DAWN T. SUGIHARA


Attorneys for Defendant
CONTINENTAL INSURANCE
COMPANY