IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII LTD., | Case No. CV 23-00198 JMS-RT |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND TO STAY DISCOVERY AND ALL CASE DEADLINES |
| v. | |
| CONTINENTAL INSURANCE COMPANY and CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD., | |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ ii

PRELIMINARY STATEMENT ................................................................1

FACTUAL BACKGROUND.....................................................................1

ARGUMENT ..............................................................................................3

CONCLUSION ...........................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abrego Abrego v. Dow Chem. Co.*
   443 F.3d 676, 684 (9th Cir. 2006) ……………………………………………3-4

*Azad v. PNC Bank,*
   *N.A.*, No. CV 19-00035 JAO-KJM, 2019 WL 2913977 (D. Haw. July 8, 2019) ..4

*Bell v. Terminix Int'l Co. Ltd. P'ship*,
   No. 16-00012 ACK-KSC, 2016 WL 3166318 (D. Haw. June 6, 2016) ...........4, 6

*BSD, Inc. v. Equilon Enterprises, LLC*,
   No. C 10-05223 SBA, 2011 WL 1295984 (N.D. Cal. Apr. 1, 2011).....................7

*Cf. Young v. Integrity Healthcare Communities, LLC*
   513 F. Supp. 3d 1043 (S.D. Ill. 2021).........................................................................8

*Crist v. Medtronic, Inc.*,
   No. CV 21-00162 JAO-RT, 2021 WL 2772555 (D. Haw. July 2, 2021) ..............7

*Daul v. PPM Energy, Inc.*,
   No. 08-CV-524-AC, 2010 WL 3945001 (D. Or. Oct. 6, 2010), *aff'd*, 444 F.
   App'x 147 (9th Cir. 2011) .......................................................................................8

*Fernandez v. FedEx Corp. Servs., Inc.*,
   No. CV 20-00031 HG-RT, 2020 WL 2530348 (D. Haw. May 18, 2020)............6

*Gaus v. Miles, Inc.*
   980 F.2d 564, 566 (9th Cir. 1992)……………………………………………… 4

*Geragos & Geragos, APC v. Travelers Indem. Co. of Connecticut*,
   No. CV 20-3619 PSG (EX), 2020 WL 4673459 (C.D. Cal. Aug. 12, 2020).........7

*Grancare, LLC v. Thrower by & through Mills*
   889 F.3d 543 (9th Cir. 2018)............................................................................5, 6

*Hamilton Materials, Inc. v. Dow Chem. Corp.*
   494 F.3d 1203, 1206 (9th Cir. 2007) ……………………………………………4

*Hunter v. Philip Morris USA*,
   582 F.3d 1039 (9th Cir. 2009).................................................................... 3, 4, 5

ii

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ...........................................................................................4

*Lapthorne v. PNC Bank, N.A.*,
No. CV 19-00048 SOM-KJM, 2019 WL 5549260 (D. Haw. July 8, 2019)..........4

*McClelland v. Merck & Co.*,
No. CIV. 06-00543JMS/BMK, 2007 WL 178293 (D. Haw. Jan. 19, 2007) ........8

*Padilla v. AT & T Corp.*,
697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009) …………………………6

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir. 1998) .............................................................................6

*Tenorio v. Dep't of Tax'n*,
No. 220CV00517GMNVCF, 2020 WL 12754456 (D. Nev. May 8, 2020) .........8

*Tenorio v. Dep't of Tax'n*,
No. 220CV00517GMNVCF, 2021 WL 372794 (D. Nev. Feb. 2, 2021)........... 8-9

*United Computer Sys., Inc. v. AT & T Corp.*,
298 F.3d 756 (9th Cir. 2002) ...............................................................................7

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(1) …………………………………....4

Federal Rules of Civil Procedure 12(b)(6) …………………………………....4

28 U.S.C. § 1447(c) ..............................................................................................7

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND TO STAY DISCOVERY AND ALL CASE DEADLINES

### PRELIMINARY STATEMENT

Defendant Continental Insurance Company seeks to remove this action, which alleges solely state law claims, from the Circuit Court of the First Circuit, State of Hawaii on the basis of diversity jurisdiction. But both Plaintiff First Insurance Company of Hawaii, Ltd. and Defendant Continental Insurance Agency of Hawaii, Ltd. are citizens of the State of Hawaii, and therefore, complete diversity does not exist. Continental has not met its heavy burden to show fraudulent joinder, and in light of the double presumptions against removal jurisdiction and fraudulent joinder, the Court should remand the action.

### FACTUAL BACKGROUND

On March 30, 2023, First Insurance Company of Hawaii, Ltd. ("FICOH") filed a complaint seeking a declaratory judgment against Defendant Continental Insurance Company ("Continental") and Defendant Continental Insurance Agency of Hawaii, Ltd. ("Continental Hawaii"). FICOH seeks a declaration that it does not owe any money under an insurance policy (the "Policy"), covering the period of June 1, 1979 to June 1, 1982, issued many decades ago by a separate entity—Glens Falls Insurance Company—to the Roman Catholic Church of Hawaii. Continental asserts that FICOH reinsured the Policy, but no party has found any such agreement.

1

FICOH's obligations have become relevant due to the passage of statute of limitations reviver statutes, under which claimants are seeking recovery for claims of sexual abuse. In addition to Continental, FICOH named Continental Hawaii as a defendant because, since 1979, Continental Hawaii has been an appointed agent of Continental Casualty Company, which is affiliated with Continental. Complaint ¶ 5. Moreover, because it did not appear from a diligent search that Continental is registered to do business in Hawaii, FICOH alleged on information and belief that Continental Hawaii services the Policy.

On April 28, 2023, Continental filed a Notice of Removal in this Court. ECF No. 1. Continental admits that both FICOH and Continental Hawaii are citizens of Hawaii, *id.* ¶ 9, but asserts that Continental Hawaii's citizenship should be disregarded because it was allegedly fraudulently joined as a defendant. In purported support, Continental submits a declaration from Georgiana Ottey, Services / Operations Director for Continental Casualty Company (a part of the CNA group of companies); a declaration from David Lehman, Assistant Vice President and Assistant Secretary for Continental Casualty Company; and a declaration from Lisa Wilson, Vice President in Complex Commercial Claims for Continental Casualty Company, which is part of the CNA group of companies. ECF No. 1 Exs. B-D.

Ms. Ottey declares that in 1979, Continental Hawaii was appointed as an agent for Continental Casualty Company and that CNA's records do not reflect

2

Continental Hawaii as ever having been appointed agent for Continental Insurance Company or Glens Falls Insurance Company. ECF No. 1 Ex. B ¶¶ 6-7. Mr. Lehman declares that The Continental Insurance Company is currently authorized to do business in the State of Hawaii and has been since December 31, 1977, and cites to an exhibit to his declaration that was not attached thereto. ECF No. 1 Ex. C ¶ 9. Then Mr. Lehman declares that from December 31, 1977, until it was merged into The Continental Insurance Company, The Glens Falls Insurance Company was also authorized to do business in the State of Hawaii; here too, Mr. Lehman cites to an exhibit that was not attached to his declaration. *Id.* ¶ 10. Finally, Mr. Lehman states that Continental Hawaii is not part of the CNA group of companies and has never been an affiliate or subsidiary of either the Continental or CNA groups of companies. *Id.* ¶ 12. Ms. Wilson declares that Continental Hawaii does not currently service the Policy and disclaims that there is any present connection between Continental Hawaii and the Policy. ECF No. 1 Ex. D ¶ 9. There is no supporting declaration on these matters from Continental Hawaii itself, however.

## ARGUMENT

On a motion to remand, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*,

443 F.3d 676, 684 (9th Cir. 2006) (alterations in original)); *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)); *see also Azad v. PNC Bank, N.A.*, No. CV 19-00035 JAO-KJM, 2019 WL 2913977, at *2 (D. Haw. July 8, 2019) ("Courts should presume that a case lies outside the limited jurisdiction of the federal courts.").

"As with removal jurisdiction, there is also a 'general presumption against fraudulent joinder' and '[f]raudulent joinder must be proven by clear and convincing evidence.'" *Bell v. Terminix Int'l Co. Ltd. P'ship*, No. 16-00012 ACK-KSC, 2016 WL 3166318, at *3 (D. Haw. June 6, 2016) (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). "Notably, the fraudulent joinder standard requires even less of a plaintiff than what Federal Rule of Civil Procedure 12(b)(6) requires." *Lapthorne v. PNC Bank, N.A.*, No. CV 19-00048 SOM-KJM, 2019 WL 5549260, at *3 (D. Haw. July 8, 2019). "The Ninth Circuit has held that the fraudulent joinder is 'similar to "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for

4

lack of federal question jurisdiction." *Id.* (quoting *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018)).

Accordingly, a defendant asserting fraudulent joinder faces "not only the strong presumption against removal jurisdiction, but also the 'general presumption against fraudulent joinder.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046).

Given the strong presumption against removal jurisdiction, Continental has failed to meet its heavy burden to show that removal is appropriate. In preparing the complaint, FICOH conducted a reasonable investigation, including to see whether Continental was registered to do business in Hawaii. Based on a website hosted by the Hawaii Business Registration Division, Department of Commerce & Consumer Affairs, neither Continental nor Glens Falls Insurance Company appear to be registered to do business in Hawaii. *See* https://hbe.ehawaii.gov/documents/search.html.

Most fundamental, beyond one conclusory statement in a single declaration without supporting evidence, the Notice of Removal does not conclusively establish whether Continental Hawaii or some other Hawaii entity may have—at any time between 1979 and the present—played a role relevant to the Policy. Indeed, Ms. Ottey admits that in 1979, Continental Hawaii was appointed as an agent for Continental Casualty Company. ECF No. 1 Ex. B ¶ 6. And Continental admits that it became affiliated with Continental Casualty Company following a 1995 merger.

ECF No. 7 at 3 (Answer to Complaint ¶ 4). Additionally, Mr. Lehman appears to admit that The Glens Falls Insurance Company is not currently authorized to do business in the State of Hawaii. *See* ECF No. 1 Ex. C ¶ 10. And finally, Continental failed to attach two exhibits to the declaration of Mr. Lehman that purportedly support Continental's position. At a minimum, especially as this case is already chiefly characterized by the fact that no party has located documentary evidence of a signed reinsurance agreement, there is ambiguity as to whether FICOH could possibly state a claim against Continental Hawaii (or vice-versa, given the nature of the relief sought—a declaratory judgment).

A "defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *See Bell*, 2016 WL 3166318, at *5 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009)). Instead, "in evaluating whether fraudulent joinder exists as to [defendant], the Court evaluates whether there is any possibility that the state court could find that [p]laintiff has stated a claim against him pursuant to state law." *Fernandez v. FedEx Corp. Servs., Inc.*, No. CV 20-00031 HG-RT, 2020 WL 2530348, at *5 (D. Haw. May 18, 2020) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–19 (9th Cir. 1998)); *see also Grancare*, 889 F.3d at 550 ("the district court must consider . . . whether a

6

deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

In light of these factual ambiguities, remand is appropriate. *Crist v. Medtronic, Inc.*, No. CV 21-00162 JAO-RT, 2021 WL 2772555, at *6 (D. Haw. July 2, 2021) ("Absent a finding of fraudulent joinder, complete diversity is lacking, and the Court is without subject matter jurisdiction. In the absence of jurisdiction, the Court must remand the action."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[1] Indeed, the Court is compelled to

---

[1] CNA's citations to California authority are not to the contrary. *Geragos & Geragos, APC v. Travelers Indem. Co. of Connecticut*, No. CV 20-3619 PSG (EX), 2020 WL 4673459, at *3 (C.D. Cal. Aug. 12, 2020), is distinguishable because there, the complaint did "not describe any controversy or dispute with [the fraudulently joined defendant] that would support a declaratory relief claim against him." Not so here: indeed, CNA acknowledges that Continental Hawaii is referenced in several paragraphs of the complaint. ECF No. 1 ¶ 16.

And unlike in *BSD, Inc. v. Equilon Enterprises, LLC*, No. C 10-05223 SBA, 2011 WL 1295984, at *5 (N.D. Cal. Apr. 1, 2011), CNA has not conclusively established that "there is no possibility under the facts alleged that Plaintiff[] will be able to establish a claim for declaratory relief against" Continental Hawaii.

Continental's citation to *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756 (9th Cir. 2002), is noteworthy. There, the court found that the fraudulently joined defendant was "not a party to any relevant contract on which plaintiff could predicate a claim against her." *Id.* at 761. That is the entire basis of FICOH's complaint: that Continental is seeking to hold FICOH liable for a claimed reinsurance agreement, but cannot produce said agreement. That case is also distinguishable on the basis that California law applied to support a finding of fraudulent joinder.

7

resolve any ambiguity in favor of remand. The parties could well engage in jurisdictional discovery in state court following a remand to resolve any doubt about whether Continental Hawaii is a proper party to this action.

If the Court is inclined not to grant the motion to remand, Plaintiff respectfully requests the opportunity to conduct that jurisdictional discovery in this Court before the Court rules on whether subject matter jurisdiction has been established. *Cf. Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1053–54 (S.D. Ill. 2021) ("The Court is granting Plaintiff's motion for jurisdictional discovery because the undersigned must first ensure the Court has subject matter jurisdiction over the present matter.").

Finally, because courts resolve issues of jurisdiction as a threshold matter before reaching the merits of an action, FICOH respectfully requests that the Court stay discovery and all case deadlines while it considers the motion to remand. *See McClelland v. Merck & Co.*, No. CIV. 06-00543JMS/BMK, 2007 WL 178293, at *2 (D. Haw. Jan. 19, 2007); *see also, e.g.*, *Daul v. PPM Energy, Inc.*, No. 08-CV-524-AC, 2010 WL 3945001, at *3 (D. Or. Oct. 6, 2010), *aff'd*, 444 F. App'x 147 (9th Cir. 2011) (staying motion for summary judgment as well as discovery deadline pending resolution of motion to remand); *Tenorio v. Dep't of Tax'n*, No. 220CV00517GMNVCF, 2020 WL 12754456, at *2 (D. Nev. May 8, 2020), *objections overruled*, No. 220CV00517GMNVCF, 2021 WL 372794 (D. Nev. Feb.

8

2, 2021) ("a pending motion to dismiss or a pending motion to remand, each standing alone would support this court exercising its discretion to stay discovery.").

## <u>CONCLUSION</u>

For the foregoing reasons, FICOH respectfully requests that the Court remand the action, or in the alternative, grant FICOH the opportunity to pursue jurisdictional discovery to explore Continental's assertion that Continental Hawaii is not properly joined as a defendant to this action. While the Court assesses whether it has subject matter jurisdiction over this action, FICOH respectfully requests that the Court stay all discovery and case deadlines.

DATED:  Honolulu, Hawaii, May 30, 2023.

        /s/ Wesley H. H. Ching
        WESLEY H. H. CHING
        SHEREE KON-HERRERA
        AMOS FRIEDLAND
        JORDANA HAVIV
        RICHARD CIPOLLA
        Attorneys for Plaintiff
        FIRST INSURANCE COMPANY OF
        HAWAII, LTD.