IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII LTD.,<br><br>              Plaintiff,<br><br>   v.<br><br>CONTINENTAL INSURANCE COMPANY and CONTINENTAL INSURANCE AGENCY OF HAWAII, LTD.,<br><br>             Defendants. | Case No. CV 23-00198 JMS-RT<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................1

FACTUAL BACKGROUND ..................................................................................1

ARGUMENT ...........................................................................................................2

CONCLUSION ........................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*166 Mamaroneck* Ave. Corp. v 151 East Post Rd. Corp.,
　78 N.Y.2d 88 (1991)..................................................................................................4

*AmTrust N. Am., Inc. v. Share*,
　76 Misc. 3d 1230(A), 176 N.Y.S.3d 478 (N.Y. Sup. Ct. 2022)............................5

*Barker v. Time Warner Cable, Inc.*,
　83 A.D.3d 750 (2d Dep't 2011)................................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................3

*Canzona v. Atanasio*,
　118 A.D.3d 837 (2d Dep't 2015)..............................................................................6

*Kersh v. Manulife Fin. Corp.*
　792 F. Supp. 2d 1111 (D. Haw. May 31, 2011) (Seabright, J)..............................6

*Detringo v. South Is. Family Med., LLC*
　158 A.D.3d 609 (2d Dep't 2018)..........................................................................4, 5

*Harris v. Seward Park Hous. Corp.*,
　79 A.D.3d 425 (1st Dep't 2010)................................................................................3

*Island Surgical Supply Co. v Allstate Ins. Co.*,
　32 A.D.3d 824 (2d Dep't 2006)................................................................................7

*Klingman v. Cnty. of Maui*,
　No. 16-00399 ACK-RLP, 2016 WL 6996986 (D. Haw. Nov. 29, 2016) ..............3

*Launiupoko Water Co. v. J-M Mfg. Co.*,
　No. CIV. 14-00303 DKW, 2014 WL 6685965 (D. Haw. Nov. 25, 2014).............3

*Liu v. Indium Corp. of Am.*,
　No. 20-64, 2021 WL 3822871 (2d Cir. Aug. 27, 2021).........................................7

*Mandarin Trading Ltd. v. Wildenstein*,
　16 N.Y.3d 173 (2011)................................................................................................5

*Marino v. Vunk*,
  39 A.D.3d 339 (1st Dep't 2007) ................................................................................ 7

*Marsland v. Pang*,
  5 Haw. App. 463, 701 P.2d 175 (1985) .................................................................... 8

*Matter of Express Indus. & Term. Corp. v. New York State Dept. of Transp.*
  93 N.Y.2d 584, 589 (1999) ....................................................................................... 4

*Matter of Sud v. Sud*,
  211 A.D.2d 423 (1st Dep't 1995) ............................................................................. 7

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) .................................................................................... 2

**Other Authorities**

5 Wright and Miller § 1357 ............................................................................................ 4

N.Y. Gen. Oblig. Law § 5-701(a)(1) ............................................................................. 4

Corbin on Contracts § 23.10 (1998) .............................................................................. 6

# PRELIMINARY STATEMENT

Through this action, Plaintiff First Insurance Company of Hawaii Ltd. ("FICOH") seeks a declaratory judgment that it does not owe money under an insurance policy issued many years ago by a separate company (Glens Falls Insurance Company), a former subsidiary of Defendant Continental Insurance Company, to the Roman Catholic Church in the State of Hawaii. Defendant argues that FICOH owes money to Defendant under a supposed "fronting arrangement," whereby FICOH allegedly agreed to reinsure the insurance policy issued by Glens Falls Insurance Company. But Defendant admits that it cannot locate any written reinsurance contract memorializing this fanciful agreement. Indeed, Defendant alleges nothing about when this elusive agreement was made, who was party to the agreement, or the terms and conditions of the agreement. Defendant has thus failed to adequately plead an essential element of its breach of contract claim, and therefore Count I – Breach of Contract of Defendant's Counterclaim filed 5/5/23 should accordingly be dismissed.[1]

# FACTUAL BACKGROUND

Glens Falls Insurance Company issued Policy No. L 1294808 to the Roman Catholic Church in the State of Hawaii (the "Glens Falls Policy"), covering the

---

[1] On May 30, 2023, FICOH filed a Motion to Remand, for lack of subject matter jurisdiction, and to stay all case and discovery deadlines.

period of June 1, 1979 to June 1, 1982. Answer ¶ 6. Defendant Continental Insurance Company ("Continental") became the successor in interest to the Glens Falls Policy. *Id.* ¶ 7. Insureds under the Glens Falls Policy have been seeking defense and indemnity for sexual-abuse claims as a result of the passage of a statute-of-limitations reviver statute. *Id.* ¶ 8. Continental asserts that FICOH is somehow responsible for those claims as a reinsurer. *Id.* ¶ 10.

But FICOH cannot locate any reinsurance agreement. *Id.* ¶ 13. And critically, Continental concedes that it cannot locate any written reinsurance agreement between the parties. *Id.* ¶ 12. Continental does not even allege that there ever was a *written* agreement. *See* Counterclaim ¶¶ 9-11.

## ARGUMENT

On a motion to dismiss, although the pleading must be liberally construed, and the Court must construe the pleading in the light most favorable to the non-moving party, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks and citation omitted). To survive a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Launiupoko Water Co. v. J-M Mfg. Co.*, No. CIV. 14-00303 DKW, 2014 WL 6685965, at *2 (D. Haw. Nov. 25, 2014) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Klingman v. Cnty. of Maui*, No. 16-00399 ACK-RLP, 2016 WL 6996986, at *2 (D. Haw. Nov. 29, 2016) (quotation marks and citation omitted).

The elements of a breach of contract claim "include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages." *Harris v. Seward Park Hous. Corp.*, 79 A.D.3d 425, 426 (1st Dep't 2010). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Detringo v. South Is. Family Med., LLC*, 158 A.D.3d 609, 610 (2d Dep't 2018) (quoting *Matter of Express Indus. & Term. Corp. v. New York State Dept. of Transp.*, 93 N.Y.2d 584, 589 (1999)). "The presence of a contract will only be found where the material terms are reasonably certain." *Martin Assoc., Inc. v. Illinois Natl. Ins. Co.*, 188 A.D.3d 572, 573 (1st Dep't 2020); *see 166 Mamaroneck Ave. Corp. v. 151 East Post Rd. Corp.*, 78 N.Y.2d 88, 91 (1991) ("a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to").

Defendant Continental has simply failed to allege facts sufficient to state a claim for breach of contract as it has not adequately pled the existence of a

3

contract. The Counterclaim "fails to allege anything about the formation of the alleged contract, whether it was oral or written, or what [was] promised with regard to the collection of premiums." *See AmTrust N. Am., Inc. v. Share*, 76 Misc. 3d 1230(A), 176 N.Y.S.3d 478 (N.Y. Sup. Ct. 2022) (citing *Detringo*, 158 A.D.3d at 610). Indeed, Defendant Continental alleges nothing about when this supposed fronting agreement was purportedly made, what individuals made the agreement, or the terms and conditions of the agreement. Thus, dismissal of this claim is warranted on the ground that Continental's "allegations as to the formation and terms of" the "alleged contract are vague and entirely conclusory." *Detringo*, 158 A.D.3d at 610.; *see also Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181-82 (2011) ("Generally, a party alleging a breach of contract must demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement" (quotation marks and citation omitted)); *Canzona v. Atanasio*, 118 A.D.3d 837, 839 (2d Dep't 2014) ("plaintiff's allegations regarding the alleged oral agreement were too vague and indefinite to plead a breach of contract cause of action").

For example, Defendant cannot identify any provision of the elusive agreement that has purportedly been breached. *Barker v. Time Warner Cable, Inc.*, 83 A.D.3d 750, 751 (2d Dep't 2011) ("In order to state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the

provisions of the contract that were breached."). All that Defendant alleges is that the Glens Falls Policy was subject to a fronting agreement, and the only purported support Defendant can offer is that other, unrelated claims, from many years ago, that were made under the Glens Falls Policy were supposedly reinsured by FICOH.[2] Counterclaim ¶¶ 10, 15-16. Such "vague and conclusory allegations are insufficient to sustain a breach of contract action." *Marino v. Vunk*, 39 A.D.3d 339, 340 (1st Dep't 2007); *see Island Surgical Supply Co. v. Allstate Ins. Co.*, 32 A.D.3d 824, 824 (2d Dep't 2006) ("The complaint was properly dismissed . . . because the allegations were vague, conclusory, and indefinite as to the alleged breach of numerous contracts by the defendant."); *Matter of Sud v. Sud*, 211 A.D.2d 423, 424 (1st Dep't 1995) (affirming dismissal of breach of contract claim based upon "plaintiff's failure to allege, in nonconclusory language, as required, the essential terms of the parties' purported contract, including the specific

---

[2] Notably, Defendant does not allege that the contract was lost or destroyed, or even ever memorialized. *Cf. Kersh v. Manulife Fin. Corp.*, 792 F. Supp. 2d 1111, 1116 n.4 (D. Haw. May 31, 2011) (Seabright, J). Thus, Defendant's Counterclaim also fail to meet the requirement of pleading the existence of a written agreement to avoid the statute of frauds. *See id.* (quoting Corbin on Contracts § 23.10 (1998)); *see also Liu v. Indium Corp. of Am.*, No. 20-64, 2021 WL 3822871, at *3 (2d Cir. 2021) ("The New York Statute of Frauds requires contracts that cannot be fully performed within a year to be in writing." (citing N.Y. Gen. Oblig. Law § 5-701(a)(1))). But the Court need not address this issue because, as explained above, Defendant cannot plead the contract terms with the requisite detail to state a claim.

5

provisions of the contract upon which liability [was] predicated [and] whether the alleged agreement was, in fact, written or oral").[3]

## CONCLUSION

For the foregoing reasons, FICOH respectfully requests that Count I of Defendant's counterclaim be dismissed with prejudice.

Dated: Honolulu, Hawaii, June 14, 2023.

                                           */s/ Wesley H. H. Ching*
                                           WESLEY H. H. CHING
                                           SHEREE KON-HERRERA
                                           AMOS FRIEDLAND
                                           JORDANA HAVIV
                                           RICHARD CIPOLLA

---

[3] Plaintiff assumes that New York law applies given that Glens Falls Insurance Company commenced business under the laws of the State of New York. Even if not, Hawaii law is substantially in accord. *See, e.g.*, *Marsland v. Pang*, 5 Haw. App. 463, 474, 701 P.2d 175, 186 (1985) ("in weighing the allegations of the complaint as against a motion to dismiss, the court is not required to accept conclusory allegations on the legal effect of the events alleged" (citing 5 Wright and Miller § 1357)).