**FARM BENEDICT SUGIHARA**
A Limited Liability Law Partnership LLP
THOMAS BENEDICT        5018-0
tbenedict@fbslawyers.com
DAWN T. SUGIHARA        7631-0
dsugihara@fbslawyers.com
Bishop Street Tower, Suite 1601
Topa Financial Center
700 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 451-3180

Attorneys for Defendant
CONTINENTAL INSURANCE
COMPANY

**FOLEY & LARDNER LLP**
Eric A. Haab (*pro hac vice*)
ehaab@foley.com
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4500

**FOLEY & LARDNER LLP**
Andrew M. Meerkins (*pro hac vice*)
ameerkins@foley.com
David J. Wenthold (*pro hac vice*)
dwenthold@foley.com
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. CV-23-00198 JMS-RT<br><br>**DEFENDANT CONTINENTAL INSURANCE COMPANY'S OPPOSITION TO FICOH'S MOTION TO DISMISS [DKT. 42] & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS [DKT. 42-1]; CERTIFICATE OF SERVICE**<br><br>Hearing: October 16, 2023 at 9:00 a.m.<br>Judge: Judge J. Michael Brights<br>Trial Date: October 29, 2024<br>Docket Number of Relevant Motion: 42 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

FACTUAL BACKGROUND ..................................................................................1

ARGUMENT ...........................................................................................................3

I.     Hawaii Law Applies to This Contract Dispute. .................................................4

II.    Continental has Adequately Stated a Claim for Breach of Contract. ...............6

III.   The Statute of Frauds Does Not Bar Continental's Contract Claim. ................8

CONCLUSION ......................................................................................................11

# TABLE OF AUTHORITIES

*Page(s)*

*Federal Cases*

*Abramson v. Aetna Cas. & Sur. Co.,*
    76 F.3d 304 (9th Cir.1996)............................................................................5

*Am. Exp. Co. v. Ponnambalam*,
    No. cv-18-3237, 2020 WL 13442489 (D. Ariz. Apr. 7, 2020)..........................8

*Arkwright–Boston Mfrs. Mut. Ins. Co. v. Calvert Fire Ins. Co.*,
    887 F.2d 437 (2d Cir. 1989)............................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................3

*Becton, Dickenson & Co. v. Cytek Biosciences Inc.*,
    No. 18-cv-933, 2020 WL 1877707 (N.D. Cal. Apr. 15, 2020).........................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................3

*Circle Line Sightseeing Yachts, Inc. v. Circle Line–Statue of Liberty Ferry, Inc.*,
    No. 01 Civ. 9788, 2003 WL 253094 (S.D.N.Y. Feb. 4, 2003)........................10

*Clark v. Trisler*,
    Civ No. 22-559, 2023 WL 5724538 n.1 (D. Haw. Sept. 5, 2023) ............. 9, 10

*Estate of Saunders v. C.I.R.*,
    745 F.3d 953 (9th Cir. 2014)...........................................................................8

*Estate of Tahilan v. Friendly Care Home Health Servs.*,
    731 F. Supp. 2d 1000 (D. Haw. 2010) ............................................................8

*Hamby v. Ohio Nat'l Life Assurance Corp.*,
    Civ. No. 12-112 JMS-KSC, 2012 WL 2568149 (D. Haw. June 29, 2012)..........5

*Hamilton ex rel. Hernandez v. County of Tulare*,
    666 F.3d 631 (9th Cir. 2012).........................................................................17

*Holborn Corp. v. Sawgrass Mut. Ins. Co.*,
 304 F. Supp. 3d 392 (S.D.N.Y. 2018) ....................................................................5

*In re E. Airport Dev., LLC*,
 443 B.R. 823 (B.A.P. 9th Cir. 2011) ......................................................................9

*Puna Geothermal Venture v. Allianz Glob.Risks U.S. Ins.*,
 No. 19-451, 2019 WL 6619851 (D. Haw. Dec. 5, 2019)....................................10

*Romero v. Kijakazi*,
 Civ. No. 22-143 JMS-WRP, 2023 WL 348222 (D. Haw. Jan. 20, 2023) ............8

*RSMCFH, LLC v. FareHarbor Holdings, Inc.*,
 361 F. Supp. 3d 981 (D. Haw. 2019) .....................................................................6

*Sierra View Loc. Health Care Dist. v. Influence Health, Inc.*,
 No. 1:15-cv-689, 2016 WL 2346799 (E.D. Cal. May 4, 2016).......................6, 7

*Soil Retention Prods. v. Brentwood Indus.*,
 582 F. Supp. 3d 725 (S.D. Cal. 2022)....................................................................7

*Standard Reg. Co. v. Keala*,
 Civ. No. 14-291 JMS-RLP, 2015 WL 3604265 (D. Haw. June 8, 2015) ............4

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*,
 931 F.3d 966 (9th Cir. 2019)..................................................................................9

*Welles v. Turner Ent. Co.*,
 503 F.3d 728 (9th Cir. 2007)..................................................................................4

*Wilson v. Hewlett–Packard Co.*,
 668 F.3d 1136 (9th Cir. 2012)................................................................................3

**State Cases**

*34–06 73, LLC v. Seneca Ins. Co.*,
 198 N.E.3d 1282 (N.Y. Ct. App. 2022).................................................................6

*Cadle Co. II, Inc. v. Garvin*,
 No. E046456, 2009 WL 2914176 (Cal. Ct. App. Sept. 11, 2009) .......................9

*Fishel v. Turner*,
 13 Haw. 392 (Haw. Terr. 1901)..............................................................................9

*Griffith Energy, Inc. v. Evans*,
    85 A.D.3d 1564 (N.Y. App. Div. June 10, 2011) .................................................8

*Mikelson v. United Servs. Auto. Ass'n*,
    111 P.3d 601 (Haw. 2005) ................................................................................4

*Wakefield v. Bardellini*,
    476 P.3d 773 (Table), 2020 WL 6781500 (Haw. Ct. App. Nov. 18, 2020) ..........8

## *Federal Rules*

Fed. R. Civ. P. 8(a) ...............................................................................3, 6, 11

Fed. R. Civ. P. 15(a)(2) ..................................................................................11

# DEFENDANT CONTINENTAL INSURANCE COMPANY'S OPPOSITIONTO FICOH'S MOTION TO DISMISS [DKT. 42] & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS [DKT. 42-1]

This dispute arises under a reinsurance agreement between Plaintiff First Insurance Company of Hawaii, LTD. ("FICOH") and Defendant Continental Insurance Company ("Continental"). FICOH seeks a declaratory judgment that it does not owe money under that agreement. (*See* Dkt. 1, Ex. A ("Complaint").) Continental denies that FICOH is entitled to a declaratory judgment and countersued, claiming breach of contract and seeking a declaratory judgment that FICOH is responsible for billings related to the agreement. (*See* Dkt. 7 ("Counterclaim").) FICOH now moves to dismiss Continental's counterclaim. (*See* Dkt. 42 ("MTD").)

The Court should deny FICOH's motion because (1) Continental has adequately stated a claim for breach of contract and (2) the statute of frauds does not bar Continental's claim.

## FACTUAL BACKGROUND

FICOH agreed to reinsure—*i.e.*, to accept 100% of the responsibility for loss and expense—a Glens Falls Insurance Company ("Glens Falls") policy issued to the Roman Catholic Church of Hawaii ("RCCH"), providing coverage between 1979

and 1982 ("the Glens Falls Policy"). (Complaint ¶¶ 6–11; Counterclaim ¶¶ 6–10.) In 2006, Glens Falls merged into Continental. (Counterclaim ¶ 6.)

Hawaii has passed statute-of-limitations reviver statutes enabling sexual-abuse claims that would otherwise be time barred. Accordingly, Continental has in recent years incurred loss and expense under the Glens Falls Policy related to such claims leveled against RCCH for abuse allegedly committed by priests and others in Hawaii decades ago. (Complaint ¶ 8; Counterclaim ¶ 8.)

While handling these claims, Continental learned that FICOH had continuously insured RCCH from at least 1951 through 1987, with the lone exception being the three-year time period when the Glens Falls Policy was in effect. (Counterclaim ¶¶ 4–6.) Continental also learned that FICOH had historically and regularly used Glens Falls to "front" business that FICOH was unable to write. (Counterclaim ¶ 9.) Fronting is a common industry practice, in which Glens Falls would issue an insurance policy and then transfer or "cede" 100% of the risk under that policy to FICOH pursuant to a reinsurance agreement or "fronting arrangement." (*Id.*)

Although no formal written contract has been located, Continental has discovered substantial evidence showing FICOH agreed to reinsure 100% of the risk from the Glens Falls Policy. When the RCCH claims were first asserted against the Policy, Continental could not find a copy of the Policy in its own files. (*Id.* ¶ 13.)

Instead, a copy of the Policy was supplied by FICOH, which had retained the Policy in its files even though it was technically not issued as a FICOH policy in its own name. (*Id.*) Moreover, the Glens Falls Policy appears to have been written using a preprinted FICOH insurance policy form, with the name of the insurer "FICOH" crossed out and Glens Falls typed in. (Counterclaim ¶ 14.) In addition, Continental's review of historical claims under the Glens Falls Policy showed that there were 23 previous claims under the Policy that preceded the recent abuse claims. Each and every one of those claims had been ceded to FICOH and FICOH had paid 100% of the claims. (*Id.* ¶¶ 15–16.) This investigation further showed that Glens Falls' practice of "fronting" for FICOH was widespread and not limited to the Glens Falls Policy. Continental's review of its claims records also showed that Glens Falls ceded and FICOH paid 97% of claims that had occurred in Hawaii under all the policies Glens Falls had issued during the relevant time period of 1979–1982. (*Id.* ¶ 18, Ex. B.)

## ARGUMENT

The pleading standard imposed by Federal Rule of Civil Procedure 8 is not a high one. The test is whether a party has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint need not state

'detailed factual allegations'"; only "sufficient factual matter 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

FICOH claims that Continental's counterclaim falls short of this standard because "it has not adequately pled the existence of a contract." (MTD at 3.) FICOH also summarily asserts in a footnote that the statute of frauds forecloses Continental's counterclaims. (*Id.* at 5 n.1.) Both arguments fail and FICOH's motion should therefore be denied. But before addressing these arguments, Continental shows that Hawaii law applies to the parties' dispute.

## I. Hawaii Law Applies to This Contract Dispute.

FICOH "assumes" that New York law applies here. (MTD at 5 n.1.) FICOH's assumption is wrong. "A federal court, sitting in diversity jurisdiction, applies the forum state's choice-of-law principles in determining which substantive law applies to an interpretation of a contract." *Standard Reg. Co. v. Keala*, Civ. No. 14-291 JMS-RLP, 2015 WL 3604265, at *6 (D. Haw. June 8, 2015) (citing *Welles v. Turner Ent. Co.*, 503 F.3d 728, 738 (9th Cir. 2007)). And Hawaii courts "look to the state with the most significant relationship to the parties and the subject matter." *Id.* (quoting *Mikelson v. United Servs. Auto. Ass'n*, 111 P.3d 601, 607 (Haw. 2005)). Hawaii's choice-of-law approach thus "creates a presumption that Hawaii law applies unless another state's law would best serve the interests of the states and

persons involved." *Hamby v. Ohio Nat'l Life Assurance Corp.*, Civ. No. 12-112 JMS-KSC, 2012 WL 2568149, at *3 (D. Haw. June 29, 2012) (cleaned up) (quoting *Abramson v. Aetna Cas. & Sur. Co.,* 76 F.3d 304, 305 (9th Cir.1996)).

FICOH cannot overcome the presumption that Hawaii law applies, because Hawaii is the state with the most significant relationship to this dispute. FICOH is a Hawaii Corporation. (Counterclaim ¶ 3.) Continental's counterclaim relates to a fronting arrangement whereby FICOH agreed to assume 100% of risk for the Glens Falls Policy, which was issued to a Hawaii insured, RCCH. (*Id.* ¶¶ 4–6.) The alleged abuse by priests and others claimed against RCCH occurred in Hawaii. And Continental's counterclaim stems from FICOH's failure to perform in Hawaii—*i.e.*, FICOH's refusal to reimburse Continental under the fronting agreement for payments Continetal made in Hawaii. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. Calvert Fire Ins. Co.*, 887 F.2d 437, 439 (2d Cir. 1989) (applying law of the state where the reinsurer was organized because "any obligation to perform on the reinsurance contract would seem to arise in [that state] upon presentation of a claim to [the reinsurer]"); *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 400–03 (S.D.N.Y. 2018) (holding that the law of the place where the alleged failure occurred—considering, recommending, and securing reinsurance—applied *despite* contractual choice-of-law provision).

The Court should therefore apply Hawaii's substantive law in this case.

## II. Continental has Adequately Stated a Claim for Breach of Contract.

Hawaii law requires breach-of-contract claimants to allege that a contract exists between the parties, that the claimant performed under the contract, and when and how the breaching party breached a particular provision of the contract. *See RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 361 F. Supp. 3d 981, 991 (D. Haw. 2019).[1] FICOH argues that Continental has insufficiently pleaded the first element: the existence of a contract. Specifically, FICOH argues that Continental's allegations regarding the formation and terms of the contract are too vague and conclusory to adequately plead the existence of a contract. (MTD at 2–5.) Not so.

FICOH's argument fails because it leans entirely on caselaw from New York's state courts applying that state's pleading standards for breach-of-contract claims. (*Id.*) As courts within the Ninth Circuit have pointed out, however, "the relaxed pleading standard of Fed. R. Civ. P. 8(a) . . . applies in federal court"—not the pleading standard of New York or any other state. *See Sierra View Loc. Health Care Dist. v. Influence Health, Inc.*, No. 1:15-cv-689, 2016 WL 2346799, at *4 (E.D. Cal. May 4, 2016). And under Rule 8, Continental's counterclaim is sufficient so long as

---

[1] If the Court were to disagree with Continental's choice-of-law analysis, the elements of breach of contract are largely the same under New York law: a claimant must allege that (1) a contract exists, (2) the claimant performed under the contract, (3) the defendant breached the contract, and (4) the defendant's breach caused damages. *See 34–06 73, LLC v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1281 (N.Y. Ct. App. 2022).

it "adequately puts [FICOH] on notice of the legal and factual basis of its breach of contract claim." *Id.*

In any case, Continental's counterclaim would survive under either pleading standard, because it alleges (1) the existence of a contract between FICOH and Continental (Counterclaim ¶¶ 12, 15–20); (2) Continental's performance under the fronting agreement and FICOH's previous extensive performance under the agreement, described *supra* (*id.* at ¶¶ 9–19); (3) FICOH's breach of the reinsurance agreement by failing to pay the recent abuse claims arising under the Glens Falls Policy, which was the main obligation FICOH had under the agreement (*id.* at ¶ 12, 19); and (4) resulting damages (*id.* at ¶ 20). That is more than enough to state a claim and FICOH's suggestion that no contract exists when it previously acted in perfect conformity with the agreement alleged is misplaced. *See, e.g.*, *Sierra View*, 2016 WL 2346799, at *4; *Soil Retention Prods. v. Brentwood Indus.*, 582 F. Supp. 3d 725, 731 (S.D. Cal. 2022) ("it is not necessary for a plaintiff to allege the terms of an alleged contract with precision if the Court is able generally to discern at least what material obligation of the contract the defendant allegedly breached"); *id.* at 737 ("Fairly rudimentary contract allegations satisfy Rule 8."); *Becton, Dickenson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-933, 2020 WL 1877707, at *3 (N.D. Cal. Apr. 15, 2020) (holding that a plaintiff need state only the "legal effect" of the contract to adequately

allege the existence of a contract). Because Continental has adequately stated its breach-of-contract counterclaim, FICOH's motion to dismiss should be denied.

## III. The Statute of Frauds Does Not Bar Continental's Contract Claim.

As a threshold matter, FICOH's statute-of-frauds argument has not been properly raised. (*See* MTD at 5 n.1.) This Court has held that arguments raised in a footnote are waived. *See Romero v. Kijakazi*, Civ. No. 22-143 JMS-WRP, 2023 WL 348222, at *6 (D. Haw. Jan. 20, 2023). Other courts within the Ninth Circuit are in accord. *See Estate of Saunders v. C.I.R.*, 745 F.3d 953, 962 (9th Cir. 2014) ("Arguments raised only in footnotes, or only on reply, are generally deemed waived."); *Am. Exp. Co. v. Ponnambalam*, No. cv-18-3237, 2020 WL 13442489, at *5 (D. Ariz. Apr. 7, 2020) ("arguments raised in footnotes are not preserved" (cleaned up)). So the Court ought not even reach FICOH's statute-of-frauds argument.

FICOH's summary footnote also fails to the extent FICOH means to argue that Continental's counterclaim should be dismissed because it did not specifically allege that the parties' agreement was a written one. It is well-established that the statute of frauds is an affirmative defense. *See Estate of Tahilan v. Friendly Care Home Health Servs.*, 731 F. Supp. 2d 1000, 1006 (D. Haw. 2010); *Griffith Energy, Inc. v. Evans*, 85 A.D.3d 1564, 1566 (N.Y. App. Div. June 10, 2011); *Wakefield v. Bardellini*, 476 P.3d 773 (Table), 2020 WL 6781500, at *3 (Haw. Ct. App. Nov. 18,

2020). And it is also well-established that "Rule 8 does not require plaintiffs to plead around affirmative defenses." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). So FICOH's argument here is nonstarter.

But even if the Court does reach FICOH's statute-of-frauds argument, the argument is meritless for *any* of three independently sufficient reasons. *First*, the parties' agreement itself need not be written. "It is sufficient if there is some memorandum or note of it in writing." *See Clark v. Trisler*, Civ No. 22-559, 2023 WL 5724538, at *3 n.1 (D. Haw. Sept. 5, 2023) (quoting *Fishel v. Turner*, 13 Haw. 392, 394 (Haw. Terr. 1901)); *accord In re E. Airport Dev., LLC*, 443 B.R. 823, 829 (B.A.P. 9th Cir. 2011) (holding that email attaching spreadsheet of release prices was sufficient to satisfy the statute of frauds). "This may be made afterwards" and "may be in the form of one or more receipts or letters." *Clark*, 2023 WL 5724538, at *3 n.1 (quoting *Fishel*, 13 Haw. at 394). Continental expects to offer such evidence as this case proceeds.

*Second*, any statute-of-frauds concern caused by a missing agreement can be overcome by the introduction of "parol evidence to establish the contents of a lost instrument." *Cadle Co. II, Inc. v. Garvin*, No. E046456, 2009 WL 2914176, at *5

(Cal. Ct. App. Sept. 11, 2009) (unpublished) (cleaned up)[2]; *accord Circle Line Sightseeing Yachts, Inc. v. Circle Line–Statue of Liberty Ferry, Inc.*, No. 01 Civ. 9788, 2003 WL 253094, at *2 (S.D.N.Y. Feb. 4, 2003). So even assuming Continental's evidence is insufficient to satisfy the statute of frauds' written-agreement requirement, Continental also plans to offer parol evidence sufficient to establish the essential terms of the parties' agreement.

*Third*, myriad exceptions apply to the statute of frauds. These include a well-established exception for partial performance. *Clark*, 2023 WL 5724538, at *3. That is precisely what Continental has alleged. (*See, e.g.*, Counterclaim ¶ 16 ("FICOH was billed for, and paid, the full amount of each of the first 23 claims made under the Glens Falls Policy.").) In sum, the fact that the contract or other writings memmorializing it has not been located as of yet does not, as FICOH suggests, affect Continental's claim. *Cf. Clark*, 2023 WL 5724538, at *3 (denying motion to dismiss on staute-of-frauds grounds despite the fact that the complaint alleged that the parties' agreement was a "verbal agreement").

Thus, for each of the reasons discussed above, FICOH's inadequately raised and wholly undeveloped statute-of-frauds argument does not merit dismissal.

---

[2] It appears that there is no Hawaii caselaw on proving the existence of a lost contract. But where Hawaii law is silent, Hawaii courts look to California caselaw for guidance. *Puna Geothermal Venture v. Allianz Glob. Risks U.S. Ins.*, No. 19-451, 2019 WL 6619851, at *5 (D. Haw. Dec. 5, 2019).

* * *

In the event the Court finds that Continental has failed to state a valid counterclaim for breach of contract, Continental requests leave to amend to cure any deficiencies the Court identifies. *See* Fed. R. Civ. P. 15(a)(2); *Hamilton ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("When a complaint can be cured, leave to amend should be freely given.").

## **CONCLUSION**

For the foregoing reasons, Continental requests this Court deny FICOH's motion to dismiss.

DATED: Honolulu, Hawai'i, September 25, 2023.

/s/ Thomas Benedict
THOMAS BENEDICT
DAWN T. SUGIHARA

Attorneys for Defendant
CONTINENTAL INSURANCE
COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and is available for viewing from the Court's ECF system. Notice of this filing will be sent to all counsel of record via the Court's ECF system.

DATED: Honolulu, Hawai'i, September 25, 2023.

/s/ Thomas Benedict
THOMAS BENEDICT
DAWN T. SUGIHARA

Attorneys for Defendant
CONTINENTAL INSURANCE COMPANY